# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9138 | **DATE** | December 6, 2002 |
| **CASE TITLE** | Surgicore, Inc. v. Midwest Operating Engineers Health & Welfare Fund | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff/Counter-Defendant's Motion to Dismiss Defendant/Counter-Plaintiff's Counterclaim

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Counter-Defendant Surgicore, Inc.'s motion to dismiss Counter-Plaintiff's counterclaim (doc. #8-1) is **GRANTED in part, and DENIED in part.** Count I is dismissed; Count II stands. Status hearing set for February 18, 2003, at 9:15 a.m. Parties to submit an agreed discovery schedule to chambers by February 4, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | DEC 13 2002 date docketed | |
| | Notified counsel by telephone. | | | | |
| ✓ | Docketing to mail notices. | | | GY docketing deputy initials | 14 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| JHC | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
DEC 1 3 2002

SURGICORE, INC.,
    Plaintiff,

v.

MIDWEST OPERATING ENGINEERS
HEALTH AND WELFARE FUND,
    Defendant,

and

MIDWEST OPERATING ENGINEERS
HEALTH AND WELFARE FUND, and
a Class Consisting of All Other Employee
Welfare Benefit Plans Similarly Situated,
    Counter-Plaintiffs,

v.

SURGICORE, INC., and Unknown
John Does Nos. 1 through 10,
    Counter-Defendants.

NO. 01 C 9138

JUDGE WILLIAM J. HIBBLER

## MEMORANDUM OPINION AND ORDER

This action arises under the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* Plaintiff Surgicore Inc. ("Surgicore") sued Defendant Midwest Operating Engineers Health & Welfare Fund ("MOE"), plan administrator of a health benefits plan, alleging failure to pay certain medical benefits. In response to Surgicore's complaint, MOE filed a counterclaim, purportedly on behalf of a class of other employee welfare benefit plans, alleging violations of ERISA (Count I) and common law fraud (Count II). Surgicore now moves to dismiss MOE's counterclaim for failure to state a claim under ERISA, and preemption of the fraud count and/or failure to plead fraud

with specificity. For the following reasons, the Court grants in part and denies in part Surgicore's motion to dismiss.

## STATEMENT OF FACTS

Surgicore is an Illinois corporation engaged in the business of providing out-patient surgical facilities and services to patients and their referring doctors. In this case, two participants in the benefits plan administered by MOE incurred expenditures for surgical procedures at Surgicore's facility. As part of Surgicore's standard operating procedure, patient execute an assignment of their medical insurance health care benefits for payment of Surgicore's service fees and expenses. Consequently, Surgicore submitted a notice of claim to MOE, seeking to recover its surgical facility expenses. However, MOE paid only a small portion of the medical bill. Surgicore unsuccessfully appealed MOE's partial denial of its claim.

According to MOE's Counterclaim, the benefits plan provides for payment of the reasonable and customary charges for medically necessary services and supplies. MOE claims Surgicore deliberately charges fees for the use of its facility which are far in excess of the reasonable and customary amounts charged in the greater Chicago metropolitan area. Furthermore, MOE alleges, the physician owners of Surgicore consistently refer their patients to Surgicore for surgical procedures and in turn, receive various economic benefits in the way of commissions, dividends and bonuses once Surgicore recovers its excessive charges from insurers and welfare funds.

In Count I of the Counterclaim, MOE contends Surgicore's actions run afoul of 29

U.S.C. §§ 1106(a)(1)(C) and 1108(c)(2) of ERISA in that Surgicore engaged in non-exempt prohibited transactions by receiving or seeking to receive compensation for services in excess of a reasonable amount. In Count II of the Counterclaim, MOE contends Surgicore made material misrepresentations of fact concerning the nature of the charges for services allegedly rendered and whether such charges were actually rendered, as part of a scheme to defraud welfare benefit plans.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) should test the sufficiency of the complaint, not decide the merits of the case. *See Tibor Machine Prods, Inc. v. Freudenberg-Nok Gen. P'Ship*, 967 F. Supp. 1006, 1011 (N.D. Ill. 1997). In analyzing a Rule 12(b)(6) motion, the Court views all allegations in the complaint in a light most favorable to plaintiff, taking all well-pleaded facts and allegations as true. *Bontkowski v. First Nat. Bank of Cicero*, 988 F.2d 459, 461 (7th Cir. 1993). Dismissal for failure to state a claim is not warranted "unless it is impossible to prevail 'under any set of facts that could be proved consistent with the allegations.'" *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) (citation omitted). Although the Court must construe the pleadings liberally, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160 (1993), it need not stretch the allegations beyond their sensible and reasonable implications, *Chan v. City of Chicago*, 777 F. Supp. 1437, 1440 (N.D. Ill. 1991).

## ANALYSIS

### I. *ERISA violations (Count I)*

MOE claims "Surgicore violated and attempted to force a violation of ERISA in that it sought to force an unreasonable payment from the fiduciaries of MOE for services rendered by Surgicore, a party in interest." Mem. Opposing Surgicore's Mot. to Dismiss, at 2. Surgicore contends MOE's allegations fail to state a claim under ERISA because (1) MOE is not a fiduciary and thus lacks standing to bring a civil claim under ERISA; and (2) Surgicore is not a "party in interest."

#### A. *Fiduciary Status*

Jurisdiction over MOE's ERISA claim is predicated upon 29 U.S.C. § 1132(a)(3), which provides that a "participant, beneficiary, or fiduciary" may bring a civil action to enjoin violations of ERISA or enforce the terms of a benefits plan. MOE, an employee benefit plan, is clearly not a participant or beneficiary. The issue to be examined, then, is whether a fund can constitute a fiduciary as defined by ERISA.

Pursuant to 29 U.S.C. § 1002(21)(A) of ERISA, in relevant part,

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management of disposition of assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority to responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

MOE concedes the definition of "fiduciary" does not include the actual plan, but

-4-

nonetheless argues a plan should be allowed to bring suit under § 1132(a)(3) in its own name. Although the Seventh Circuit has not yet definitively decided this question, it has expressed doubts about allowing such actions to proceed, even where the plan raises only cross-claims. *See Winstead v. J.C. Penney Co. Inc.*, 933 F.2d 576, 581 (7th Cir. 1991) ("An ERISA plan can sue and be sued, 29 U.S.C. § 1132(d)(1), but it is doubtful, as noted earlier, that it can sue under a provision that confers a right of action on a fiduciary."). Therefore, the Court agrees with Surgicore that it is inappropriate for MOE to rely upon § 1132(a)(3) as the jurisdictional basis for its counterclaim. *See also Chicago Dist. Council of Carpenters Pension Fund v. Reinke Insulation Co.*, No. 94C2296, 1995 WL 383007, at *2 (N.D. Ill. June 23, 1995).

However, it is undisputed that the trustees of a plan are fiduciaries under ERISA. *See Winstead*, 933 F.3d at 579. MOE thus seeks leave of court to amend its counterclaim to include a named trustee. Having received no objection from Surgicore to that request, the Court will allow the proposed substitution. As such, there is no longer any question about standing to sue. Consequently, the Court turns its attention to the merits of the claim.

### B. "Party In Interest"

MOE alleges Surgicore's conduct, demanding fees for excessive medical charges, violates ERISA because the statute prohibits fiduciaries from paying more than reasonable compensation for goods or services furnished by a "party in interest." ERISA prohibits certain transactions by plan fiduciaries deemed "likely to injure the pension plan." *See Commissioner v. Keystone Consol. Indus., Inc.*, 508 U.S. 152, 113 S. Ct. 2006, 2012 (1993); 29

U.S.C. § 1106. Specifically, MOE bases its cause of action upon 29 U.S.C. § 1106(a)(1)(A) which states that "[a] fiduciary shall not cause the plan to engage in a transaction [that constitutes the] furnishing of goods, services, or facilities between the plan and a party in interest." However, ERISA also exempts from the § 406 prohibition transactions involving the "[c]ontracting or making [of] reasonable arrangements with a party in interest for office space, or legal, accounting, or other services necessary for the establishment or operation of the plan, if no more than reasonable compensation is paid therefor." 29 U.S.C. § 1108(b)(2). Reading §§ 406 and 408 of ERISA in conjunction, it is clear that MOE cannot state a claim against Surgicore for violating those provisions unless Surgicore at least qualifies as a "party in interest."

ERISA defines the term "party in interest" to mean, among other things, "a person providing services to [an employee benefit] plan." 29 U.S.C. § 1002(14)(B). MOE contends that because Surgicore provides facilities for plan participants needing medical services, Surgicore services the plan. However, the Court finds that connection too tenuous to satisfy the statutory definition. Congress intended that the term "party in interest" reach all the different "entities that a fiduciary might be inclined to favor at the expense of the plan's beneficiaries." *Harris Trust and Savings Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 120 S. Ct. 2180, 2185 (2000). The §406 prohibitions are thus designed to address transactions by the fiduciary involving services rendered directly to the plan itself. *See id.* (Defendant who provided broker-dealer services to pension plan deemed a "party in interest").

Even Section 408(b)(2) of ERISA, which MOE relies upon here as the basis for its claim against Surgicore, specifies that it is the plan fiduciary's agreements with a party in interest concerning services such as "office space, legal, accounting, or other services necessary for the establishment or operation of the plan" with which the statute is concerned. Surgicore did nothing more than supply a place for medical treatments to be furnished to plan participants. That is not a service that contributed in any meaningful way to the establishment or operation of the plan. In other words, whether Surgicore provided its facilities to plan participants or not had no real impact on the plan. Consequently, the Court concludes, Surgicore does not constitute a "party in interest" for purposes of ERISA. Because MOE has failed to state a claim against Surgicore for violations of ERISA, Count I of the counterclaim must be dismissed.

## II. Fraud Claim (Count II)

### A. ERISA Preemption

Section 514(a) of ERISA, 29 U.S.C. § 1144(a) states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Surgicore contends MOE's fraud claim is squarely related to an ERISA benefits plan and thus preempted. MOE, on the other hand, argues its counterclaim falls outside the realm of ERISA preemption because it is a "'garden variety' fraud claim against a company that by misrepresentation attempted to obtain a benefit to which it was not entitled." Mem. Opposing Surgicore's Mot. to Dismiss, at 7.

A cause of action "relates to" an ERISA plan and is thus preempted by the statute

"if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.* 463 U.S. 85, 103 S. Ct. 2890, 2900 (1983). Notwithstanding §514(a)'s breadth, there are limits to ERISA's preemption clause. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 111 S. Ct. 478, 483 (1990). Indeed, a common law tort violation can be raised in a complaint alleging ERISA violations so long as the tort claim "[can] be resolved without an interpretation of the [plan]." *Rice v. Panchal*, 65 F.3d 637, 644 (7th Cir. 1995). Consequently, if deciding MOE's fraud claim requires the Court to construe the ERISA plan, preemption applies. *Id.* at 645.

The Court is not persuaded ERISA preempts MOE's entire fraud claim. Surgicore's claim for payment for medical services was denied by MOE on that basis that the plan language requires reimbursement for "reasonable and customary" charges only. In its counterclaim, MOE attacks the representations made by Surgicore as to "the nature of the charges for services allegedly rendered and whether such charges were actually rendered." (Counterclaim, ¶31). Concerning the nature of the charges, the Court believes it may have to look to the benefits plan to determine if the "reasonable and customary" standard has been satisfied; however, in considering if the charges were truly incurred, the plan language would not likely be implicated. Unfortunately Surgicore's discussion of this tricky preemption issue is woefully inadequate and contains very little argument to assist the Court in its determination. Consequently, the Court will, at this time, deny the motion to dismiss Count II on preemption grounds.

### B. Failure to Plead Fraud with Particularity

Alternatively, Surgicore contends MOE has violated Fed. R. Civ. P. 9(b), which requires that fraud claims be pled with specificity. The purpose of Rule 9(b) is "to ensure that the party accused of fraud... is given adequate notice of the specific activity that the plaintiff claims constituted the fraud so that the accused party may file an effective responsive pleading." *Lachmund v. ADM Investor Svcs., Inc.*, 191 F.3d 777, 783 (7th Cir. 1999). Consequently, MOE must provide details setting forth "the 'who, what, when, and where' of the alleged fraud." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992).

After examining the allegations of the fraud claim, the Court is satisfied that MOE has met its pleading burden under Rule 9(b). MOE sufficiently outlines the gist of the alleged scheme to charge patients or insurers excessive fees by the owners of Surgicore. *See* Counterclaim at ¶¶ 13-21. Surgicore's motion to dismiss the fraud claim based on Rule 9(b) is therefore denied.

## CONCLUSION

Surgicore's motion to dismiss MOE's counterclaim is granted as to Count I, and denied as to Count II.

**IT IS SO ORDERED.**

*[signature]*

WILLIAM J. HIBBLER, DISTRICT JUDGE

DATED: December 6, 2002